John **BOLLELLA**, Plaintiff,

v.

Richard S. **SCHWEIKER**, Secretary of Health and Human Services, Defendant.

**No. 80 CV 1837 (ERN).**

United States District Court, E.D. New York.

Feb. 9, 1983.

McGarvey & Steele by Spencer Steele, Lake Success, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Richard Dolan, Asst. U.S. Atty., Brooklyn, N.Y. (Frank V. Smith, III, Regional Atty., Michael Noorigian, Asst. Regional Atty., Dept. of Health & Human Services, New York City, of counsel), for defendant.

MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

This action to review a final determination of the Secretary of Health and Human Services, which denied plaintiff's application for Social Security disability insurance benefits, must be remanded for a rehearing because of the absence of substantial evidence on the essential question of the transferability of plaintiff's skills. 42 U.S.C. § 405; Regulations No. 4, Subpart P (20 CFR 404), § 404.1568(c), (d).

Plaintiff was 52 years old at the time of his hearing before an administrative law judge (ALJ) on September 20, 1979. For some 33 years, he had been continuously employed as a skilled sheet metal mechanic. Tr. 61–64.[1] In 1978 he sustained a lumbosacral injury on the job which was complicated by a psychiatric disorder. After a thorough review of the medical evidence the ALJ found that plaintiff had a "combination of mental and physical impairments" constituting a "severe impairment" which prevented his return to "basic work-related functions associated with his past forms of employment." Tr. 18. Applying the Secretary's Regulations No. 4, *supra,* the ALJ concluded, nonetheless, that plaintiff could perform a number of specified "semiskilled" sedentary jobs and therefore could not be considered disabled from engaging in gainful employment. Tr. 18–19.

Although the ALJ's conclusion was based upon the testimony of a qualified vocational expert, the evidence supporting it is insufficient to satisfy the Secretary's requirement that a claimant's skills derived from his former occupation shall in fact be transferable to other skilled or semi-skilled jobs. Such a finding is critical in this case where plaintiff is "closely approaching advanced age." Regulations No. 4, Subpart P, Appendix 2, Table No. 1, Rule 201.14. Under

---

1. References are to pages of the administrative record.

the cited rule, if plaintiff's skills as a sheet metal worker were in fact *not* transferable to any of the sedentary jobs mentioned by the vocational expert, he would be "disabled" and thus entitled to benefits since he is over 50 years of age.

In focusing solely on the existence of specified sedentary jobs, the ALJ overlooked the important adaptability of skills factor embraced in the transferability requirement. This is clearly spelled out in the Secretary's regulation, § 404.1568(d), which recognizes that whether acquired skills are transferable "depends largely on the similarity of occupationally significant work activities *among different jobs.*" More specifically, the determination focuses on whether

"(i) The same or a lesser degree of skill is required;

(ii) The same or similar tools and machines are used; and

(iii) The same or similar raw materials, products, processes, or services are involved." *Id.*

Although a complete similarity of all three of the foregoing factors is not required for transferability, "when skills are so specialized ... that they are not readily usable in other industries, jobs, and work settings, we [the Secretary] consider that they are not transferable." *Id.*

Here there was no meaningful inquiry or development of evidence to determine the transferability of plaintiff's skills to the alternative jobs described by the vocational expert. Although those jobs were described as "semi-skilled" (Tr. 123), the brief description strongly suggests that they were in fact unskilled. Tr. 121–22. If that should prove to be so, then a recent policy statement interpreting the new regulations would place plaintiff in the same "Disabled" category as an unskilled worker closely approaching advanced age. Appendix 2, Table No. 1, Rule 201.09. See SSR 82–41, previously published as PPS–67, effective February 26, 1979.

Accordingly, the Secretary's adverse determination is reversed and the case is remanded for a hearing and determination on the question of whether plaintiff's skills are in fact transferable to any other skilled or semi-skilled occupations which are within his residual functional capacity to perform.

SO ORDERED.